**AMERICAN FIRE AND CASUALTY COMPANY, Appellant,**

v.

**Raymond BAKER, Appellee.**

**No. 15334.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 5, 1968.

Rehearing Denied Oct. 3, 1968.

———◆———

Long, Aronson & Coleman, Jerry Coleman, Austin, for appellant.

Michael G. Fortado, Houston, McClure & Sharpe, Houston of counsel, for appellee.

PEDEN, Justice.

In this suit for Workmen's Compensation benefits, the three points presented by appellant are: 1) the evidence conclusively establishes that when appellee was injured he was not an employee of appellant's insured, Moore Development Corporation; 2) there was no evidence to support the jury's finding that appellee was an employee of that corporation, and 3) the jury's finding of employment by the corporation is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. We overrule each of these points and affirm the judgment of the trial court.

In ruling on appellant's third point we have considered all the evidence touching on whether appellee was an employee of Moore Development Corp. at the time in question. The only witnesses whose testimony bears on this were appellee and a Mr. Thompson.

Appellee testified that when he got hurt he was working as a carpenter's helper under Lloyd Morris, who had hired him, who signed his pay checks and who made social security and income tax deductions from his checks. Appellee had worked for Lloyd

Morris with a crew of carpenters on another construction job when Morris had a contract to do the framing and cornice work; as to the job in question Lloyd Morris called the men up to go to work.

"Q. All right. What did he tell you?

"A. Well, he was superintendent over there.

"Q. Over where?

"A. Over at Moore's Development."

Appellee testified that on the Moore Development Corp. job Morris was in charge not only of carpenters but also of bricklayers and plumbers. He said that Morris was the superintendent and that he also had a contract to do the framing and cornice work on the Moore Development project. Appellee worked with the same crew he had worked with on the other job and Morris paid him the same way as before.

Appellee further testified that Mr. Moore of Moore Development Corp. would come to the worksite and tell him to do things which a carpenter's helper didn't do, such as clean up a house or stack up lumber; he did what Mr. Moore said because "Mr. Moore was the boss of the project." During appellee's recuperation Morris asked him to work as a night watchman; for a while Morris gave him his pay checks for that duty, but it ended up that Moore Development was paying him.

On cross-examination appellee admitted that his deposition testimony was true wherein he stated that before his injury Lloyd Morris, the carpenters and his carpenter foreman were the only ones who told him what to do.

Mr. Thompson, who was an assistant claims manager but was not an employee of appellant, testified that when he talked to appellee less than a month after the accident, appellee said he had been employed by Lloyd Morris and no one else. He acknowledged that appellee had told him that sometimes Morris was a superintendent for Moore Development Corp.

Appellee was hurt when one of the carpenters accidentally cut him with an electrically powered saw.

Appellant asserts that the sole question presented on appeal is whether appellee was an employee of Lloyd Morris or Moore Development Corp. at the time of his injury. In response to the issue "Do you find from a preponderance of the evidence that at the time of the injury on December 16, 1964, Raymond Baker was an employee, as that term is defined, of Lloyd L. Morris. or Moore Development Corporation?" the jury answered, "Moore Development Corporation."

Appellant also states that no issue was raised as to whether Lloyd Morris was an independent contractor or an employee of Moore Development. None was submitted, and no point has been preserved as to the lack of such an issue.

■ It is our view that this evidence was sufficient to support the jury's finding that appellee was an employee of Moore Development Corp.

■ "The rule is well established in this. state as well as many other jurisdictions in this country that when an agent, with the authority of his principal, express or implied, employs help for the benefit of his principal's business, the relation of employer and employe between such help and the principal is thereby created and the question of whether the assistant or helper is promised any remuneration is immaterial." Traders & General Ins. Co. v. May, 168 S.W.2d 267, Amarillo Civ.App. 1943, error ref., w. o. m.; Travelers Insurance Co. v. Arnold, 378 S.W.2d 78, Dallas Civ.App. 1964, no writ.

The testimony that instructions were given by Mr. Moore to appellee to do things which a carpenter's helper didn't do is evidence that Mr. Moore had retained the power of control in directing the means and details of the accomplishment of the work. Such testimony may also be considered as showing Mr. Moore's implied

consent to Lloyd Morris' having acted as his agent in the hiring of appellee for Moore Development.

The evidence as to the relationship between the parties is meager. Neither Mr. Morris nor Mr. Moore testified. We conclude that the evidence as to the contractual relationship is susceptible of more than one construction; this being the case, it is for the jury to resolve the inferences.

We have examined the entire record and hold that it supports the verdict as to appellee's employment by Moore Development.

In considering appellant's first and second points we consider only that evidence which is favorable to the verdict. It follows from what we have said that a review of the evidence from a standpoint less favorable to appellant would result in our overruling his "no evidence" points.

The judgment of the Trial Court is affirmed.