

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 5, 1972

Mr. David P. Bell
Executive Director
Industrial Accident Board
State Finance Building
Austin, Texas   78711

Dear Mr. Bell:

Opinion No. M-1142

Re:   Whether students partici-
      pating in a Federal College
      Work-Study Program at a
      Texas college or university
      may be deemed to be employees
      under the Texas Workmen's
      Compensation Act.

We have your request for an opinion regarding the captioned matter which specifically asks the following question:

"Are students participating in a Federal College Work-Study Program at a Texas college or university considered to be employees under the Texas Workmen's Compensation Act so as to be entitled to the benefits of that Act?"

The Federal College Work-Study Program, 42 U.S.C. 2751 et seq., provides federal funds to eligible educational institutions employing needy students for part-time work as classroom assistants, laboratory and library assistants, clerks, maintenance men, etc. The participating students are restricted to working not more than an average of fifteen hours per week and they do not receive pay checks from the institution. Rather, their earnings are credited to their accounts with the institution for the cost of their tuition, room and board, books, etc. Up to 80 percent of the cost for such program is provided for by federal funds.

Except insofar as they may be classified as "workmen" at particular institutions as hereinafter discussed, these students are not covered by the Workmen's Compensation Act and are not entitled to benefits thereunder.

While employees of private employers are now governed by the general workmen's compensation statute, Article 8306, et seq., Vernon's Civil Statutes, this general law is not applicable to state-supported colleges or universities, who are governed

by special laws pertaining only to certain colleges and universities, except insofar as particular parts of the general law have been expressly adopted and incorporated in the special acts.  Matthews v. University of Texas, 295 S.W.2d 270 (Tex.Civ. App. 1956, no writ).

In 1936, the Constitution of Texas authorized the Legislature to provide for workmen's compensation insurance for State employees and further to provide for the payment of all costs, charges and premiums on such policies of insurance.

Section 59 of Article III of the Constitution of Texas provides:

"The Legislature shall have power to pass such laws as may be necessary to provide for Workmen's Compensation Insurance for such State employees, as in its judgment is necessary or required; and to provide for the payment of all costs, charges, and premiums on such policies of insurance; providing the State shall never be re- quired to purchase insurance for any employee."

Pursuant to the above quoted constitutional amendment, the Legislature has authorized workmen's compensation coverage of employees at only three Texas colleges and/or universities; namely, the Agricultural and Mechanical College of Texas (Art. 8309b, V.C.S.), The University of Texas (Art. 8309d, V.C.S.) and Texas Technological College (Art. 8309f, V.C.S.).  The above three statutes cover various campuses and branches of the re- spective institutions in addition to the main college or university as provided in each particular Act.

No other state-supported colleges and universities being statutorily authorized to provide workmen's compensation insurance for its employees, the scope of this opinion is neces- sarily limited to consideration of your question only as it may pertain to the three above mentioned institutions.

The definition of a "workman" is identical in the Acts covering The University of Texas and Texas Tech.  Art. 8309d, Sec. 2, Subd. 2, and Art. 8309f, Sec. 2, Subd.2, V.C.S.  We quote the definition out of the Act for Texas Tech as follows:

"2.  'Workman' shall mean every person in the service of Texas Technological College under

any appointment or expressed contract of hire, oral or written, whose name appears upon the pay roll of Texas Technological College except,

"(a) Administrative staff including officials of administration;

"(b) Teaching staff who are not required by their teaching or research duties to handle or work in close proximity to dangerous chemicals, materials, machinery or equipment;

"(c) Research staff who are not required to handle or work in close proximity to dangerous chemicals, materials, machinery or equipment;

"(d) Clerical and office employees not required by their duties to regularly travel or work in a dangerous area;

"(e) Supervisory staff whose duties are predominantly administrative and clerical and who do not participate in manual labor, or work in a dangerous area;

"(f) Persons paid on a piecework basis, or any basis other than by the hour, day, week, month, or year.

"Provided further, that no person shall be classified as a 'workman' nor be eligible to any compensation benefits under the terms and provisions of this Act until he shall have submitted himself first to a physical examination by a regularly licensed physician or surgeon designated by Texas Technological College to make such examination and thereafter been certified by Texas Technological College to be placed on the pay roll of Texas Technological College."

The definition for a workman set out in the Act for Texas A&M, Article 8309b, Sec. 2, Subdivision 2, provides:

"2.  'Workman' shall mean every person employed in the service of any institution as defined above, whose name appears on the payroll thereof, except clerical and office employees

not required by their duties to travel or work away from their offices.  No person in the service of such institution who is paid on a piece-work basis, or on any basis other than by the hour, day, week, month, or year shall be considered an employee nor shall be entitled to compensation under the terms and provisions of this Act."

The relation of employer and employee exists between the hiring institution and the student working part-time under its direction and control.  Wise v. Texas Employment Insurance Association, 402 S.W.2d 228 (Tex.Civ.App. 1966, error ref. n.r.e.). And see Goodnight v. Zurich Insurance Company, 416 S.W.2d 626 (Tex.Civ.App. 1967, error ref. n.r.e.); and Sanchez v. Leggett, 463 S.W.2d 517 (Tex.Civ.App. 1971).

The manner of remuneration to the student, i.e. as a credit to his account at the school rather than his receipt of a pay check, is immaterial.  American Fire and Casualty Co. v. Baker, 431 S.W.2d 956 (Tex.Civ.App. 1961, error ref. n.r.e.). And see Article 8301, Sec. 1(4), where the definition of wages includes the "market value of board, lodging, laundry, fuel and other advantage which can be estimated in money which the employee receives from the employer as part of his remuneration."

Likewise, the fact that the institution receives funds from the federal government to help offset the costs for such program would have no bearing in the determination of coverage.

We note from the definitions of "workman" in the statutes covering the three institutions herein discussed that, in general, those persons engaged in so-called "office jobs" are not covered, while others are.

Therefore, if a part-time student working at The University of Texas, Texas A&M or Texas Tech under the provisions of the Federal College Work-Study Program is engaged in the type of activity that would classify him as a "workman" as that term is defined by the workmen's compensation statutes applicable to each institution, the student would be entitled to the benefits of workmen's compensation provided for by that institution.  If the working duties of such student are excluded by statutory definition, there would be no coverage.

This office not having been furnished a specific fact situation regarding the particular working activities involved,

we are unable to be more explicit in this opinion.

## S U M M A R Y

If a part-time student working at The University of Texas, Texas A&M or Texas Tech under the provisions of the Federal College Work-Study Program is engaged in the type of activity that would classify him as a "work-man" as that term is defined by the workmen's compensation statutes applicable to each institution, such student would be entitled to the benefits of workmen's compensation provided for by that institution. If the working duties of such student are excluded by statutory definition, there would be no coverage.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Campbell
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Banks
Max Hamilton
James Hackney
S. J. Aronson

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant