

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

April 26, 1973

Mr. Jerry W. Belcher
Assistant Executive Director
Industrial Accident Board
State Finance Building
Austin, Texas 78711

Opinion No. H- 33

Re: Whether students
participating in the
Federal College Work
Study Program at a
privately-owned college
are employees under the
Workmen's Compensation
Act.

Dear Mr. Belcher:

You have asked our opinion as to whether or not students at privately-owned Jarvis Christian College of Hawkins, Texas, who participate in the Federal College Work Study Program are to be considered employees of the college under the Texas Workmen's Compensation Act so as to be entitled to its benefits. You state that the Federal program (42 U. S. C. Section 2751, et seq. ) provides funds to the private college to be used in hiring needy students to do part-time work for the college. The student is charged for his tuition, books and other expenses at the beginning of the semester and, every four or five weeks, wages which he has earned under the program are credited against these charges.

As you describe the program. about 80 per cent of the 450 students engaged in the program at Jarvis work as classroom assistants, lab and library assistants, student personnel assistants, clerical work, arts and crafts assistants and other technician type jobs. About 20 per cent work in building maintenance type jobs. The rate of pay is determined by the student's economic need. None can work more than 15 hours a week and the average rate of pay is approximately $2. 00 per hour.

In June of 1972, this office issued its opinion M-1142 answering a similar question with reference to students enrolled in Texas colleges and universities. That opinion cited the fact that state colleges and universities are not subject to the general principles of the Workmen's Compensation Act (Art. 8306, et seq., Vernon's Texas Civil

Statutes) but are governed, if at all, by specific statutes such as Articles 8309b, 8309d and 8309f, V. T. C. S. These statutes generally designate the specific positions at the various institutions which are covered.

In Opinion M-1142 it was stated that the manner of remuneration, that is whether by a credit to his accounts or by the direct receipt of money, was immaterial. Citing American Fire & Casualty Co v. Baker, 431 S. W. 2d 956 (Tex. Civ. App., 1961 err. ref., n. r. e.), it was likewise stated that the fact that the funds used in large part to offset the cost of the program were received from the Federal government would have no bearing on the determination of coverage.

Section 2 of Article 8306, V. T. C. S., provides that the Workmen's Compensation Law shall not apply to actions for injuries sustained by domestic servants, farm laborers, ranch laborers, or employees of a firm having less than three employees; nor shall it apply to the employees of any firm operating a steam, electric, street or interurban railway as a common carrier.

Who are employees is determined by Article 8309, Section 1, V. T. C. S., which defines "employee" to include every person in the service of another under any contract of hire, expressed or implied, oral or written. With the abolition of the doctrine of charitable immunity by the Supreme Court in Howle v. Camp Amon Carter, 470 S. W. 2d 629 (Tex. 1971), no reason exists why employees of a privately-owned charitable, religious, educational or other non-profit corporation, under contracts of hire, should not be covered either as employees of a subscriber or of a non-subscriber under the Workmen's Compensation laws.

The Act specifically recognizes in Section 1 (4) of Article 8309, that wages may be paid in board, lodging, laundry and "other advantages which can be estimated in money". The fact, therefore, that the students of Jarvis may never actually receive money as salary is unimportant.

Nor would it be important that their employment is part-time. Section 1 of Article 8309 specifies how "average weekly wages" shall be calculated and recognizes that there will be situations under which an employee will work part-time or fewer than 210 days per year.

The Act also recognizes in Article 8306, Section 12 (i) that the employee may be a minor.

In view of the foregoing, it is our opinion that, depending upon the facts of each instance, students at Jarvis Christian College par-

ticipating in the Federal College Work Study Program may be employees within the coverage of the Texas Workmen's Compensation Act and may be entitled to the benefits of that Act.

### SUMMARY

Students at a privately-owned institution of higher education working part-time for an hourly remuneration credited to their college expenses will be considered employees of the institution and covered by the Texas Workmen's Compensation Act provided, factually, they are employed under a contract of hire and do not fall within one of the excluded occupations.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee